1  **Gina M. Corena, Esq.**
   Nevada Bar No. 10330
2  gina@lawofficecorena.com
   **Rachel J. Holzer, Esq.**
3  Nevada Bar No. 11604
   **GINA CORENA & ASSOCIATES**
4  300 S. Fourth Street, Suite 1400
   Las Vegas, Nevada 89101
5  Telephone: (702) 680-1111
   Facsimile: (888) 987-6507
6  *Attorneys for Plaintiffs*
7
                    **UNITED STATES DISTRICT COURT**
8
                          **DISTRICT OF NEVADA**
9

| | |
|---|---|
| MAURICIO ISAURO MEJIA-AYALA, an individual; | CASE NO:  2:25-cv-00859-JAD-MDC |
| Plaintiff, | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| v. | |
| ALLSTATE INSURANCE COMPANY; DOES I - X, and ROE CORPORATIONS I - X, inclusive, | **(SPECIAL SCHEDULING REVIEW REQUESTED)** |
| Defendants. | |

The parties submit their proposed discovery plan and scheduling order pursuant to LR 26-1.

1.      **Meeting:** Pursuant to FRCP 26(f) and LR-26-1(a), a meeting was held on June 2, 2025, and was attended by Rachel Holzer, Esq., counsel for Plaintiff, and Christopher Keller, Esq., Counsel for Defendant.

2.      **Pre-Discovery Disclosures:** Pursuant to FRCP Rule 26(a)(1), the parties will make their pre-discovery disclosures, including but not limited to any computation(s) of damages required pursuant to FRCP 26(a)(1)(A)(iii), by **Monday June 16, 2025**.

3.      **Areas of Discovery:** Discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

1

4.    **Discovery Plan**: *Special Scheduling Review Requested:* The parties request a discovery plan of 270 days from the date of appearance of the first answering defendant. Pursuant to LR 26-1(b)(1), the 270 days of discovery runs from the first time the first defendant answers or otherwise appears. Here, Defendant appeared on May 21, 2025, by filing an Answer [ECF No. 5]. The discovery deadlines herein have been calculated from that date.

Additional time and special scheduling are requested as this is an insurance breach of contract and bad faith case, which will involve the exchange of voluminous documents and the depositions of potentially numerous witnesses including corporate representatives. Moreover, this case is complicated by the nature of Plaintiff's claimed injuries and the treatment he has received and is still receiving which will potentially require the retention and deposition of multiple expert witnesses on each side. Such witness depositions may also include medical treatment providers, retained medical expert witnesses, and claim handling expert witnesses. Accordingly, in an effort to mitigate the potential of seeking a continuance at a later time, the parties have agreed to an additional 90 days of discovery as outlined below.

5.    **Discovery Cut-Off Dates**: The parties propose that discovery must be commenced and completed no later than **Tuesday, February 17, 2026**, (272 days after the defendants appeared[1]), and be conducted as follows:

A.    **Amending the Pleadings and Adding Parties:** The parties shall have until **Wednesday, November 19, 2025**, to file any motions to amend the pleadings to add parties, 90 days prior to the discovery cut-off date, pursuant to LR 26-1(b)(2).

B.    **FRCP 26(a)(2) Disclosures of Experts:** Expert witness disclosures shall be made on or before **Friday, December 19, 2025**, 60 days prior to the discovery cut-off. Disclosures

---

[1] The date occurring 270 days after the Defendant's Answer is Sunday, February 15, 2026, and as such, the deadline has been continued to the next judicial day.

2

regarding rebuttal experts shall be made on or before **Tuesday, January 20, 2026**[2], 31 days after the initial disclosures of experts. The requirements of FRCP 26(a)(2)(B) shall apply to any such disclosures.

C.     <u>**Dispositive Motions:**</u> The parties shall have until **Thursday, March 19, 2026**,  to file dispositive motions, 30 days after the discovery cut-off. In the event the discovery cut-off is extended, the deadlines for filing dispositive motions automatically will be extended until 30 days after the new discovery cut-off date.

D.     <u>**Pre-Trial Order:**</u> The parties will prepare a consolidated pre-trial order on or before **Monday, April 20, 2026**[3], which is 32 days after the date set for filing dispositive motions in the case. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motions or until further order of the court. The disclosure required FRCP Rule 26(a)(3) and objections thereto, shall be made in the pre-trial order.

E.     <u>**Court Conferences:**</u> If the court has questions regarding the dates  Proposed by the parties, the parties request a conference with the court before entry of the scheduling order.

F.     <u>**Extensions or Modifications of the Discovery Plan and Scheduling Order:**</u> LR 26-3 governs modifications or extensions of this discovery plan and scheduling order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than twenty-one (21) days before the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made no later than **Tuesday, September 16, 2025**, 21 days before the discovery cut-off date.

/ / /

---

[2] The date occurring 30 days following the expert disclosure cut-off date falls on Monday, January 19, 2026, a federal holiday, and as such, this deadline has been continued to the next judicial day.

[3] The date occurring 30 days following the dispositive motion deadline falls on Saturday, April 18, 2026, and as such, this deadline has been continued to the next judicial day.

6.      **Other Items**:

A.      **Format of Discovery:** Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to request such electronic data as discovery progresses. The parties discussed the potential discovery of native files or metadata and inspection of devices used to store information electronically. Each party reserves the right to request electronic data as discovery progresses.

B.      **Alternative Dispute Resolution:** The parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation (collectively, **ADR**) and determined that ADR is not a viable option at this time.

C.      **Alternative Forms of Case Disposition:**  The parties hereby certify they considered consent to trial by a magistrate judge and use of the short trial program and do not consent to either at this time.

/ / /

/ / /

/ / /

4

D.    **Electronic Evidence:**  The parties intend to present evidence in electronic format. No stipulations have yet been reached.  Stipulations, if any, will be provided when the Pretrial Order is filed.

**DATED** June 13, 2025

**GINA CORENA & ASSOCIATES**


*/s/ Rachel Holzer*
Rachel Holzer, Esq.
Nevada Bar No. 11604
300 S. Fourth Street, Suite 1400
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*


**IT IS SO ORDERED.**


While the Court approves the
stipulation, it notes that
defendants first appeared on
05/16/25 when they removed the
action (ECF No. 1), not when
they answered the complaint.
*See* LR 26-1(b)(1)(discovery
measured from date first
defendant "answers or appears").

**DATED** June 13, 2025

**HAWKINS MELENDREZ, P.C.**


*/s/  Christopher  M.  Keller*
CHRISTOPHER M. KELLER, ESQ.
Nevada Bar No. 7399
1645 Village Center Circle, Suite 160
Las Vegas, Nevada 89134
*Attorneys for Defendan*


_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 6/20/2025

5